IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF ALBUQUERQUE,

        Plaintiff,

vs.                                                  Civ. No.  11-1030 JCH/KBM

MICHAEL McGRATH,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court on Appellee Michael McGrath's *Motion to Remand to State Court* [Doc. No. 10] and *The City's Withdrawal of Notice of Removal* [Doc. No. 20]. There are two issues before the Court. The first is whether this federal district court has subject matter jurisdiction over the case, or whether it should remand the case to the state district court from which the City of Albuquerque removed it. The second is whether McGrath, as the non-removing party, is entitled to recover attorney's fees for improper removal. After considering the procedural history of the case, the briefs filed by counsel, and the applicable precedents, the Court concludes that it does not have subject matter jurisdiction, the case should be remanded, and McGrath is entitled to recover his attorney's fees.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2008, Michael McGrath ("McGrath") worked for the City of Albuquerque ("the City") as a bus driver. The City terminated McGrath's employment after he tested positive for cocaine on a random drug test. McGrath filed a grievance appealing his termination. After a hearing, the hearing officer recommended that the Personnel Board uphold the termination. However, in 2009

the Personnel Board returned the case to the hearing officer without reaching a decision. The City then reinstated McGrath, but recharged him for the same drug offense for which he previously had been terminated and then terminated him for a second time. Once again, McGrath appealed. This time, the hearing officer recommended that the Personnel Board reinstate McGrath. The Personnel Board agreed, and on July 13, 2011, it reinstated McGrath to a non-safety sensitive position.

On July 28, 2011, the City filed an appeal in the Second Judicial District Court, Bernalillo County, in accordance with New Mexico Rule 1-074, NMRA 2011. Neither the City's Notice of Appeal, nor its Statement of Appellate Issues filed on September 30, 2011, included any reference to any federal question or issue arising under federal law. On November 11, 2011, McGrath responded to the City's Statement of Appellate Issues, arguing *inter alia* that his termination violated his constitutional rights. On November 21, 2011, the City removed the case to this Court on the theory that it had jurisdiction under 28 U.S.C. § 1331 because "[f]ederal questions [] appear on the face of McGrath's response to the City's Statement of Appellate Issues." Doc. No. 1 at 3.

On December 21, 2011, McGrath filed a motion to remand this case to state court on the grounds that it lacks subject matter jurisdiction. On January 3, 2012, the City filed its response opposing the motion, and on January 24, 2012, McGrath filed his reply brief. There the matter stood until April 6, 2012, when Senior United States District Judge James A. Parker filed his Memorandum Opinion and Order in *City of Albuquerque v. Reginald Adolph*, Civ. No. 12-27 JP/ACT, a case that the City had removed to this federal district court under substantially similar procedural circumstances and for essentially the same reasons that it removed this case. In *Adolph*, the employee had appealed to the New Mexico Court of Appeals a decision by the state district court reversing the Personnel Board's decision to reinstate his employment with the City. The City removed the case to federal court on the grounds that Adolph had raised due process claims in his

Petition for Writ of Certiorari. Judge Parker granted Adolph's motion to remand the case to the New Mexico Court of Appeals. Further, he concluded that the City lacked an objectively reasonable basis for removal and thus Adolph was entitled to recover attorney's fees as costs.

Five days after Judge Parker entered his opinion, the City withdrew its Notice of Removal.[1] *See* Doc. No. 20. In *The City's Withdrawal of Notice of Removal*, it makes clear that it does not oppose a remand of the case to the Second Judicial District Court.

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

A case that is filed in state court may be removed from state to federal court at the election of the defendant, but only if it is one "of which the district courts of the United States have original jurisdiction," which is to say if federal subject-matter jurisdiction would exist over the claim. 28 U.S.C. § 1441(a). Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004). Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction. *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct.

---

[1] The Court doubts whether it is possible, as a procedural matter, to withdraw a notice of removal. Such an action would be akin to trying to unring a bell, for once a case has been removed, the only way to return it to state court is by an order of remand. It appears that the City chose not to withdraw its response in opposition to McGrath's motion to remand on the dubious theory that because McGrath never filed a notice of completion of briefing under Local Rule 7.7, his fully briefed motion to remand is not properly before the Court. Doc. No. 20 at 2. The City apparently opposes an award of attorney's fees and costs to McGrath on the same grounds. *Id.* at 3.

2425, 96 L.Ed.2d 318 (1987)). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The City's removal of this case runs afoul of these rules in several ways. First, this federal district court would not have had original jurisdiction over the City's initial complaint in state district court, which was an appeal under state law of a Personnel Board ruling that raised no federal question and did not satisfy the requirements of diversity jurisdiction. Second, it is the *defendant* in the state court action (McGrath), not the party who initiated the filing of the case in state court, who has the right to remove. The City was in the position of the plaintiff in the underlying state court case, and therefore it could not remove the case. Third, under the well-pleaded complaint rule, a federal question that arises in defense of a state law claim does not provide a valid basis to remove the case to federal court. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002). The City did not set forth the disputed constitutional questions in its July 28, 2011 appeal of the Personnel Board's decision; rather, they arose in McGrath's defense of the appeal. Thus, they cannot form the basis of removal jurisdiction.

Lacking subject matter jurisdiction over this case, the Court will remand it to the Second Judicial District Court, Bernalillo County, New Mexico.

**II.     ATTORNEY'S FEES AND COSTS**

In his *Motion to Remand to State Court* [Doc. No. 10], McGrath requested attorney's fees and costs incurred as a result of the City's improper removal. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. It is not necessary that the plaintiff show that the defendants acted in bad faith to win costs and attorney fees. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

The Court concludes that the City of Albuquerque lacked an objectively reasonable basis to file a Notice of Removal and that this case presents those unusual circumstances in which attorney fees and costs should be awarded. The City of Albuquerque initiated this lawsuit in state district court as a plaintiff and alleged only a state law claim. These circumstances warrant an award of attorney fees and costs. *See Porter Trust v. Rural Water Sewer and Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253-54 (10th Cir. 2010) (upholding the district court's award of attorney fees in a case where the defendant removed a case pending before a board of city commissioners). *See also Huber-Happy v. Estate of Rankin*, 233 Fed. App'x 789, 790 (10th Cir. 2007) (finding removal objectively unreasonable because "federal courts will not assume general jurisdiction over state-court probate matters"); *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978) (reiterating the "fundamental rule" that the existence of federal question jurisdiction is determined solely from the plaintiff's complaint and not any subsequent pleading); *Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282, 1284-85 (D.N.M. 2009) (awarding fees and costs due to the defendant's "blatantly improper removal" of the case from the Arizona Superior Court to the United States District Court for the District of New Mexico). Although the City eventually withdrew its opposition to remand, it did so only after Judge Parker entered his Memorandum Opinion and Order declaring the removal of *City of Albuquerque v. Adolph* to be objectively unreasonable. Further, the City recanted its position in this case only after McGrath had already incurred attorney fees and costs as a result of the City's unreasonable removal.

While the Court will remand the case to state district court, it will retain jurisdiction to consider the appropriate amount of attorney's fees and costs to be awarded to McGrath. No later than May 4, 2012, McGrath may file a motion, with supporting affidavits and time records, requesting a reasonable amount of attorney fees and costs incurred by the improper removal. The response and reply briefs are due in accordance with the Local Rules.

**IT IS THEREFORE ORDERED** that McGrath's *Motion to Remand to State Court* [Doc. No. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Second Judicial District Court, Bernalillo County, New Mexico.

                                                                                       _____
                                                                                       **UNITED STATES DISTRICT JUDGE**